IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Cr. No. H-18-199-05 |
| LEATRICE MALIKA DE BRUHL-DANIELS | |

### DEFENDANT'S MOTION TO RECONSIDER IN PART

Leatrice De Bruhl respectfully asks this Court to reconsider one part of its recent order denying her motions as moot. *See* Order, ECF No. 285. Specifically, she asks this Court to find that her motion to disqualify an AUSA (ECF No. 257) is not moot, because the motion did not challenge the Fifth Superseding Indictment and the Sixth Superseding Indictment does not affect or moot that motion's arguments. Prompt disposition of that motion would assist both parties in preparing for trial. The government does not join this motion.

An issue can become moot "when the issues presented are no longer 'live.'" *Powell v. McCormack*, 395 U.S. 486, 496 (1969). When the government chooses to proceed only on a superseding indictment—not on any earlier indictment—challenges to the earlier indictment become moot.[1] *See, e.g.*, *United States v. Ali*, 2014 WL 12573099, *1 (W.D. Tex. May 7, 2014). But Ms. De Bruhl's motion to

---

[1] If the government does not elect to proceed on only the new indictment, none of the earlier motions are moot. *United States v. Rainey*, 757 F.3d 234, 240 (5th Cir. 2014).

disqualify did not challenge the fifth indictment—it addressed whether a specific prosecutor may try the case. The new sixth indictment does not moot that issue.

In her disqualification motion, Ms. De Bruhl explained that AUSA Hamdani's vital role in some of the most contested trial issues requires that he be disqualified from presenting this case at trial. Def. Mtn., ECF No. 257. The motion addressed that prosecutor's role in the underlying facts that the government will present at trial; it did not challenge the Fifth Superseding Indictment the way her other motions did.

The government responded to the motion, in part, by arguing that disqualification would prejudice the United States. *See* United States' Response, ECF No. 259. Part of the alleged prejudice stemmed from the "significant time and effort [AUSA Hamdani expended] in preparing this case." *Id.* at 12. Ms. De Bruhl does not agree that constitutes legal prejudice, but if it does, every day without a ruling on her motion only increases the time and effort expended. She seeks a prompt ruling on this issue to minimize the alleged prejudice to the government.

Ms. De Bruhl also seeks a prompt ruling to prevent more delays. She was arrested on September 28, 2018. *See* Rule 5 Documents at 23, ECF No. 4 (showing a 9/28/2018 arrest in the Eastern District of Virginia). Since then, the government has filed five superseding indictments. ECF Nos. 16, 85, 128, 210, 274. The government filed each of the last three superseding indictments about one month

before trial,[2] each time requiring postponement of trial so the defense could prepare to face the new charges.

Ms. De Bruhl asks for a prompt ruling on her motion so that the government need not seek a later continuance to give a new prosecutor time to prepare for trial, if the Court disqualifies AUSA Hamdani. The parties will soon submit a joint proposed scheduling order, requesting a trial date of August 17, 2020. That is almost five months away, so a new prosecutor will have plenty of time to prepare.

The government did not agree to join this motion for reconsideration.

    Respectfully submitted,

    MARJORIE A. MEYERS
    Federal Public Defender
    Southern District of Texas No. 3233
    Texas State Bar No. 14003750

    By _____
    JOSHUA B. LAKE
    Assistant Federal Public Defender
    S.D. Tex. No. 2695263
    Colorado State Bar No. 45285
    440 Louisiana Street, Suite 1350
    Houston, TX 77002-1056
        Telephone:   713.718.4600
        Fax:           713.718.4610

---

[2] The fourth indictment was filed on September 18, 2019 (ECF No. 128), when trial was scheduled for October 21 (ECF No. 82). The fifth indictment was filed on January 9, 2020 (ECF No. 210), when trial was scheduled for February 3 (ECF No. 166). The sixth indictment was filed on March 5, 2020 (ECF No. 274), when trial was scheduled for April 7 (ECF No. 239).

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with Assistant United States Attorney Arthur Jones, who indicated that the government will not join this motion.

/s/ Joshua B. Lake
JOSHUA B. LAKE

## **CERTIFICATE OF SERVICE**

I certify that on March 20, 2020, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Attorneys Rob Jones and Alamdar Hamdani.

/s/ Joshua B. Lake
JOSHUA B. LAKE
