UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | CRIMINAL ACTION H-18-199-5 |
| LEATRICE MALIKA DE BRUHL-DANIELS | § | |

### ORDER

Pending before the court is the United States of America's (the "Government") motion to reconsider (Dkt. 325) that portion of this court's memorandum and order (Dkt. 321) that dismissed without prejudice counts 25–28 from the sixth superseding indictment. Defendant Leatrice Malika De Bruhl-Daniels responded in opposition. Dkt. 326. Having considered the motion, response, and applicable law, the court is of the opinion that the Government's motion should be DENIED.

While the Federal Rules of Criminal Procedure contain no provision governing motions for reconsideration, the motion is a "recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (per curiam) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). Motions to reconsider in criminal cases "will be treated just like motions in civil suits." *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). They "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See United States v. Fisch*, No. H-11-722, 2014 WL 309068, at *1 (S.D. Tex. Jan. 28, 2014) (Rosenthal, J.) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2 468, 473 (5th Cir. 1989)). Finally, "[i]t is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already

been advanced by a party." *United States v. Banks*, No. 1:08-cr-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

The Government has not persuaded the court that it made a manifest error of law or fact nor has it presented any newly discovered evidence. Instead, it reasserts the same arguments that the court considered when it initially ruled on the motion to dismiss counts 25–28. In some instances, the Government has cited additional authorities or otherwise fleshed out its argument, but those strategies are unavailing in the context of a motion for reconsideration. *See id.*

## CONCLUSION

The Government's motion for reconsideration (Dkt. 325) is DENIED.

Signed at Houston, Texas on November 24, 2020.

_____
Gray H. Miller
Senior United States District Judge