UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-18-199-5 |
| | § | |
| | § | |
| LEATRICE MALIKA DE BRUHL-DANIELS | § | |

AMENDED ORDER

Pending before the court is the United States of America's (the "Government") motion to reconsider (Dkt. 325) that portion of this court's memorandum and order (Dkt. 321) that dismissed without prejudice counts 25–28 from the sixth superseding indictment. Defendant Leatrice Malika De Bruhl-Daniels responded in opposition. Dkt. 326. Having considered the motion, response, and applicable law, the court is of the opinion that the Government's motion should be DENIED.

While the Federal Rules of Criminal Procedure contain no provision governing motions for reconsideration, the motion is a "recognized legitimate procedural device." *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991) (per curiam) (citing *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982)). "The district courts possess continuing jurisdiction over criminal cases and are free to reconsider their own earlier decisions." *United States v. Fisch*, No. H-11-722, 2014 WL 309068, at *1 (S.D. Tex. Jan. 28, 2014) (Rosenthal, J.) (citing *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009)). Motions to reconsider in criminal cases "will be treated just like motions in civil suits."[1] *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

---

[1] The motion-for-reconsideration standard in the criminal context is somewhat muddled. *See United States v. Preston*, No. 3:19-CR-651-K, 2020 WL 1819889, at *2–3 (N.D. Tex. Apr. 11, 2020) (explaining the evolution of the standard used in criminal cases); *see also United States v. Sunia*, 643 F. Supp. 2d 51, 60–61 (D.D.C. 2009) (explaining how the District of D.C. dealt with

In the civil context, Rule 59(e) governs a motion to alter or amend a final judgment. Fed. R. Civ. P. 59(e). Rule 54(b), however, governs motions to reconsider orders that do not dispose of every claim or adjudicate the rights of all parties to a case. Fed. R. Civ. P. 54(b); *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Here, the court considers the Government's motion under Rule 54(b), not Rule 59(e), because the court's order did not dismiss all the charges against De Bruhl-Daniels, and thus the order was interlocutory in nature. *See* Fed. R. Civ. P. 54(b). Under the Rule 54(b) standard, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification

---

the same issue). Some courts have proclaimed that, in the criminal context, motions to reconsider *interlocutory* orders, just like motions to reconsider final judgments, "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *See, e.g.*, *Fisch*, 2014 WL 309068, at *1 (quoting *Waltman*, 875 F.2 at 473) (motion to reconsider denial of motion for evidentiary hearing); *United States v. Cramer*, No. 1:16-CR-26, 2018 WL 7821079, at *2 (S.D. Tex. Mar. 8, 2018) (Crone, J.) (motion to reconsider denial of discovery motions). Courts have also declared that "[i]t is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party." *See, e.g.*, *United States v. Banks*, No. 1:08-cr-113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

Both of these principles are derived from Rule 59(e), which governs motions to alter or amend a final judgment. *See* Fed. R. Civ. P. 59(e); *see also Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (using this language to explain the Rule 59(e) standard). But interlocutory orders, which "adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties," are governed by Rule 54(b) and "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, courts have applied a less stringent standard to interlocutory orders: "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (per curiam)).

Finally, the Fifth Circuit has held that, in the civil context, it is an abuse of discretion for the trial court to deny a motion for reconsideration of an interlocutory order under the more stringent Rule 59(e) standard. *Austin*, 864 F.3d at 336. Therefore, despite a lack of clarity and consistency in the criminal context, the court finds it prudent to amend its order denying the Government's motion for reconsideration, this time applying the less stringent Rule 54(b) standard.

of the substantive law." *See Austin*, 864 F.3d at 336 (quoting *Lavespere*, 910 F.2d at 185). This standard has been interpreted to mean "as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

The court is unconvinced that it should exercise its discretion in this situation to reconsider its order dismissing counts 25–28. In its motion, the Government has simply reasserted the same arguments that the court considered when it initially ruled on the motion to dismiss. In some instances, the Government has cited additional authorities or otherwise fleshed out its argument, but these changes fail to convince the court that justice requires a different result.

## CONCLUSION

The Government's motion for reconsideration (Dkt. 325) is DENIED.

Signed at Houston, Texas on December 21, 2020.

Gray H. Miller
Senior United States District Judge