# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Cr. No. 4-18-199-5**

**LEATRICE MALIKA DEBRUHL-DANIELS**

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Leatrice De Bruhl, through her attorney, the Federal Public Defender, submits the attached, requested jury instructions.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By /s/ Philip G. Gallagher
PHILIP G. GALLAGHER
Assistant Federal Public Defender
Attorney in Charge
New Jersey State Bar ID No. 2320341
Southern District of Texas No. 566458
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, Texas   77002-1056
Telephone:  713.718.4600
Fax:          713.718.4610

## **CERTIFICATE OF SERVICE**

I certify that on June 1, 2022, a copy of the foregoing was served by notice of electronic filing upon all counsel of record.

s/ Philip G. Gallagher
PHILIP G. GALLAGHER

Counts 21, 32, 33, and 34

False Statement or Entries Generally

18 U.S.C. § 1001(a)

In these Counts, the Indictment charges Ms. Debruhl with:

falsifying, concealing, or covering up a material fact; or

making a materially false, fictitious, and fraudulent statement; or

making and using a false writing or document knowing that it contained a

materially false, fictitious and fraudulent statement.

You may not find Ms. Debruhl guilty of this offense unless you unanimously agree that the government has proven she committed the alleged offense in at least one of the three ways listed above. It is not necessary that the government prove she committed the offense in each of the three ways listed.

In order for you to find that Ms. Debruhl committed this offense by falsifying, concealing, or covering up a material fact, the government must prove each of the five following elements beyond a reasonable doubt:

1) Ms. Debruhl falsified, concealed, or covered up a fact by trick, scheme or device; and

2) The fact was material; and

3) Ms. Debruhl had a legal duty to disclose the fact; and

4) Ms. Debruhl acted knowingly and willfully; and

5) Ms. Debruhl falsified, concealed, or covered up the material fact in a matter within the jurisdiction of the executive branch of the government of the United States.

In order for you to find that Ms. Debruhl committed this offense by making a materially false fictitious, and fraudulent statement, the government must prove each of the four following elements:

1) That Ms. Debruhl made a false statement to the executive branch of the United States government regarding a matter within its jurisdiction; and

2) That Ms. Debruhl made the statement knowing that it was false; and

3) That the statement was material; and

4) That Ms. Debruhl made the false statement willfully for the purpose of misleading the executive branch of the United States government.

In order for you to find that Ms. Debruhl committed this offense by making or using a materially false writing or document, the government must prove each of the four following elements:

1) That Ms. Debruhl made or used any false writing or document in relation to the executive branch of the United States government regarding a matter within its jurisdiction; and

2) Ms. Debruhl did this knowing the same contained a false, fictitious, or fraudulent statement or entry; and

3) That the false, fictitious, or fraudulent statement or entry was material; and

4) That Ms. Debruhl made the false statement willfully for the purpose of misleading the executive branch of the United States government.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of an agency of the executive branch of the United States government. It is not necessary for the government to show that the agency of the executive branch of the United States government was in fact misled.

If you find a particular question was ambiguous and the defendant truthfully answered one reasonable interpretation of the question under the circumstances presented, then the answer would not be false. Similarly, if you find the question was clear but the answer was ambiguous, and one reasonable interpretation of the answer would be truthful, then it would not be false.[1]

---

[1] The Fifth Circuit has held that, if the "truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law." United States v. Jones, 665 F.3d 966, 981 (5th Cir. 2011) (quotation omitted).

Counts 22, 23, and 24

Falsifying, Concealing, or Covering Up a Material Fact – Elements

18 U.S.C. § 1001(a)(3)

In these Counts, the indictment charges Ms. Debruhl with falsifying, concealing, or covering up a material fact. In order for you to find her guilty of this charge, the government must prove each of the five following elements beyond a reasonable doubt:

1)    Ms. Debruhl falsified, concealed, or covered up a fact by trick, scheme or device; and

2)    The fact was material; and

3)    Ms. Debruhl had a legal duty to disclose the fact; and

4)    Ms. Debruhl acted knowingly and willfully; and

5)    Ms. Debruhl falsified, concealed, or covered up the material fact in a matter within the jurisdiction of the executive branch of the government of the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the particular charge you are considering, then you should find Ms. Debruhl guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt

6

as to the particular charge you are considering, then you should find Ms. Debruhl

not guilty of that charge.[2]

---

[2]  Seventh Circuit Proposed Pattern Jury Instructions (2021) at 86 (available at:
https://www.ca7.uscourts.gov/pattern-jury-
instructions/2021_CR_pattern_jury_instr_revisions.pdf); see also Fifth Circuit P.J.I. 2.45 ("This
instruction does not cover violations of 18 U.S.C. § 1001(a)(1), falsely concealing or covering up
by trick. To charge concealment, most circuits hold that the prosecution must prove that the
defendant had a duty to disclose the information to the government. See, e.g., United States v.
Safavian, 528 F.3d 957, 964 (D.C. Cir. 2008); United States v. Moore, 446 F.3d 671, 678 (7th Cir.
2006).").

Counts 21, 22, 23, and 34

Additional Instruction

If you find Ms. Debruhl guilty of an offense charged in Count 21, 22, 23, or 24, you must also determine whether the specific offense at issue involves international terrorism.

An offense involves international terrorism if:

First, the offense involves a violent act or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the United States or of any States; and

Second, that the offense appears to be intended to intimidate or coerce a civilian population, or to influence the policy of a government by intimidation or coercion, or to affect the conduct of a government by mass destruction, assassination, or kidnapping; and

Third, that the offense occurs primarily outside the territorial jurisdiction of the United States, or transcends national boundaries in terms of the means by which the acts are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which the perpetrators operate or seek asylum.

In sum, you're asked to consider whether the offense of making false statements as charged in a specific count, if it occurred, occurred in a context that

involved international terrorism. That is a separate consideration that you must consider only if you have first made a determination that the government has proven beyond a reasonable doubt that the defendant committed the offense charged in Counts 21, 22, 23, and, 24.[3]

---

[3] Modeled on Government-requested instruction in <u>United States v. Shehadeh</u>, 1:10-cr-1020 (E.D.N.Y.), at Dkt. #132. <u>See also</u> <u>United States v. Fidse</u>, 862 F.3d 516, 522 (5th Cir. 2017) (noting that, for purposes of the Sentencing Guidelines, "an offense involves a federal crime of terrorism only if the crime of conviction is itself a federal crime of terrorism, or if the relevant conduct includes such a crime") (internal citation omitted).

Counts 15, 36, 37

Tampering with a Witness, Victim, or an Informant

18 U.S.C. § 1512(c)(2)

In Counts 15, 36, and 37, the indictment charges Ms. Debruhl with obstruction of justice. In order for you to find her guilty of these charges, the government must prove both of the following elements beyond a reasonable doubt:

1) Ms. Debruhl attempted to obstruct, influence, or impede any official proceeding; and

2) Ms. Debruhl acted corruptly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Ms. Debruhl guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find Ms. Debruhl not guilty of that charge.[4]

---

[4] Seventh Circuit Proposed Pattern Jury Instructions (2021) at 626 (available at: https://www.ca7.uscourts.gov/pattern-jury-instructions/2021_CR_pattern_jury_instr_revisions.pdf)

Count 35

Destroying, Altering, or Falsifying a Document in a Federal Investigation

18 U.S.C. § 1519

Title 18, United States Code, Section 1519 makes it a crime for anyone to knowingly make a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation and proper administration of a matter within the jurisdiction of any department or agency of the United States.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly made a false entry in a record, document, or tangible object;

Second: That the defendant acted with the intent to impede, obstruct, or influence the investigation and proper administration of a matter; and

Third: That the matter was within the jurisdiction of an agency of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The government is not required to prove that the defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of

11

the United States. In other words, you need not find the defendant knew she was obstructing, impeding, or influencing a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

Definition – "Knowingly"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

A defendant acts "knowingly" only when the defendant acts with knowledge of all the facts which makes the defendant's conduct unlawful.[5]

---

[5] Fifth Circuit P.J.I. 1.41; <u>Bryan v. United States</u>, 524 U.S. 184, 193 (1998) ("Thus, unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense.").

Definition – "Willfully"

The word "willfully," as that word has been used from time to time in these instructions, means that a defendant's actions were taken with a guilty state of mind.

In order to show that Ms. Debruhl acted "willfully" as to any particular offense, the government must prove that she acted with knowledge that her conduct was unlawful.[6]

---

[6] <u>Bryan v. United States</u>, 524 U.S. 184, 192 (1998).

14

Definition – "Corruptly"

As you have heard, Counts 15, 36, and 37 of the Indictment allege that Ms. Debruhl did "corruptly" attempt to obstruct, influence, or impede particular official proceedings. An act is done "corruptly" if the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.[7]

---

[7] The Fifth Circuit expressly approved this definition of "corruptly" in United States v. Richardson, 676 F.3d 491, 506-08 (5th Cir. 2012).

Definition – "Official Proceeding"

The term "official proceeding" as used in Counts 15, 36, and 37 means a grand jury proceeding.

Special Instruction

Evidence Regarding Administration of a Lie Detector Test

You heard evidence regarding the administration of a lie detector test. You have been provided with no evidence regarding the reliability of such tests. Accordingly, you may not consider the results of a lie detector test to evaluate a person's truthfulness – whether at the time of the administration of the lie detector test or before this Court.

You have been presented evidence of that test solely to assist you in understanding the context in which statements were made.