United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| LEATRICE MALIKA | § | CRIMINAL NO. H-18-CR-199-S6-5 |
| DE BRUHL-DANIELS | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Leatrice Malika DeBruhl-Daniels' ("DeBruhl") opposed oral motion for judgment of acquittal on all counts, including all counts that "involved international terrorism." *See* Dkt. 479. After reviewing DeBruhl's accompanying memorandum of law and the applicable caselaw, the court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Counts twenty-one, twenty-two, twenty-three, twenty-four, thirty-two, thirty-three, and thirty-four of the Sixth Superseding Indictment charge DeBruhl with making false statements in violation of 18 U.S.C. § 1001(a). *See* Dkt. 274. In addition, the Government alleges that these false statements "involved international terrorism." *See* Dkt. 274. At trial, the Government presented evidence that federal law enforcement agencies targeted Nadal Diya ("Diya") in a FBI-led counter-terrorism investigation, potentially due to his relationship with a business associate, Labib Arafat ("Arafat"), and their potential connections to ISIS. The Government presented evidence at trial that ISIS, a designated foreign terrorist organization, engages in "international terrorism," as defined in 18 U.S.C. § 2331.

Counts twenty-one through twenty-four relate to a December 18, 2017, law enforcement debrief meeting that DeBruhl attended with other federal agents. Count twenty-one charges DeBruhl with "conceal[ing] . . . she had a previous sexual relationship, and an ongoing personal relationship with [Diya]." Dkt. 274 at 12–13. Count twenty-two charges DeBruhl with concealing the fact that "Diya had previously provided her approximately $1,400." *Id.* at 13. Similarly, count twenty-three charges DeBruhl with concealing that "Diya had promised to provide employment to [her] son." *Id.* at 13–14. Count twenty-four charges DeBruhl with concealing that "she had informed . . . Diya he was the target of several federal law enforcement investigations, including being the target of an FBI counter-terrorism investigation." *Id.* at 14.

Counts thirty-two though thirty-four relate to a departure briefing form that DeBruhl completed on or about April 24, 2018. *Id.* at 19–21. Count thirty-two charges DeBruhl with making a materially false statement when she answered "no" to the question, "Have you had any contact with country nationals during your tour (relationship)?" *Id.* at 19. Count thirty-three charges DeBruhl with making a materially false statement when she answered "N/A" to the question, "Have you reported all intimate relationships with LES, TCN, or other foreign nationals to the Personnel Office and RSO?" *Id.* at 19–20. Finally, county thirty-four charges DeBruhl with making a materially false statement by answering "no" to the question, "Are you aware of any compromise of classified and/or sensitive information?" *Id.* at 20.

## Discussion

Counts twenty-one, twenty-two, twenty-three, twenty-four, thirty-two, thirty-three, and thirty-four charge DeBruhl with false statements—through a theory of concealment or otherwise—in violation of 18 U.S.C. §§ 1001(a) and (a)(1). Though making false statements in violation of the statute typically carries a five-year maximum penalty, an "offense involv[ing] international . .

. terrorism (as defined in section 2331)" triggers an eight-year maximum sentence. 18 U.S.C. § 1001(a). Because it would "increas[e] the penalty" attached to DeBruhl's false statement offenses beyond the typical five-year statutory maximum, the "fact" of terrorism involvement "must be submitted to [the] jury, and proved beyond a reasonable doubt." *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348 (2000).

"International terrorism" is defined as "activities" that (1) "involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State," (2) appear to be intended to "intimidate or coerce a civilian population, influence the policy of a government by intimidation or coercion, or affect the conduct of a government by mass destruction, assassination, or kidnapping," and (3) "occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum." 18 U.S.C. §§ 2331(1)(A)–(C).

The court turns first to the concealment charges surrounding the December 18, 2017, meeting. Counts twenty-one, twenty-two, and twenty-three—which charge DeBruhl with concealing her previous sexual and ongoing personal relationship with Diya, the money Diya gave her, and Diya's promise to give her son a job, respectively—do not "involv[e] international . . . terrorism." *See* 18 U.S.C. § 1001(a). Section 1001(a)'s "involve[ment]" language contemplates an association between the charged conduct and international terrorism. *See id.* Though broad, the word "involves" means "related to or connected with," and thus requires some nexus between the facts DeBruhl allegedly concealed and international terrorism. *See United States v. Vickers*, 540 F.3d 356, 365 (5th Cir. 2008) (discussing the definition of the word "involves"); *see also*

3

*United States v. Eason*, 919 F.3d 385, 391 (6th Cir. 2019) (defining "involving" as "relat[ing] to or connected with," though noting that the "relationship must not be too remote or tangential"). The specific facts DeBruhl allegedly concealed relate not to terrorism but to intimate relationships, money, and employment. To the extent the offenses outlined in counts twenty-one through twenty-three share any nexuses to international terrorism, they are too "remote" and "tangential" to fairly characterize as "involv[ing]" terrorism. *See Eason*, 919 F.3d at 391. To be sure, the offenses involve Diya. But Diya's mere involvement—and his *suspected* connections to a foreign terrorist organization—do not bring DeBruhl's conduct within the compass of "international terrorism," as defined in section 2331.[1] A defendant's conduct that does not otherwise involve international terrorism does not transform into "international terrorism" solely because it involves a third person *investigated* for connections to an organization engaged in "international terrorism."

Relatedly, the Government did not present evidence that federal law enforcement investigated either Diya or Arafat for "international terrorism" as defined in 18 U.S.C. §§ 2331(1)(A)–(C). Rather, the Government put forth evidence that law enforcement investigated Diya and Arafat for potential ties to ISIS. The Government did not prove beyond a reasonable doubt that either Diya or Arafat engaged in "international terrorism," properly defined, or even materially supported ISIS. These degrees of separation underscore the lack of connection between DeBruhl's charged conduct and the involvement in "international terrorism" proscribed by statute. *See* 18 U.S.C. § 1001(a). Accordingly, DeBruhl's motion is GRANTED with respect to counts twenty-one through twenty-three.

---

[1] The Government did not present any evidence that DeBruhl's conduct involved "violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States" and appeared to be intended "to intimidate or coerce a civilian population," "influence the policy of a government by intimidation or coercion," or "affect the conduct of a government by mass destruction, assassination, or kidnapping." *See* 18 U.S.C. §§ 2331(1)(A)–(B).

However, the court concludes that these principles do not militate in favor of vacating the statutory terrorism enhancement related to count twenty-four. Count twenty-four pertains to DeBruhl's alleged concealment of the fact that she previously disclosed to Diya his status as the target of a counter-terrorism investigation. Unlike her alleged concealment of her and Diya's sexual and financial relationships, DeBruhl's concealment of her disclosure to Diya, who the FBI investigated for connections to ISIS, is sufficiently related to "international terrorism," as defined by section 2331. *See Vickers*, 540 F.3d at 365 (noting that "involve[es]," as used in the ACCA, requires "offenses that are related to or connected with" the proscribed conduct) (quoting *United States v. Winbush*, 407 F.3d 703, 707 (5th Cir. 2005)). Accordingly, DeBruhl's motion is DENIED with respect to count twenty-four.

That said, the same logic governing the court's assessment of counts twenty-one through twenty-three applies to counts thirty-two through thirty-four, which likewise lack sufficient nexuses to "international terrorism." *See generally* Dkt. 274. Those counts charge DeBruhl with making materially false statements involving her contact with foreign nationals and her knowledge of compromises to classified information. As with counts twenty-one through twenty-three, the relationship between these offenses and international terrorism, as defined in section 2331, is strained: DeBruhl allegedly lied about not having a relationship with Diya, who federal authorities investigated for potential connections to ISIS, which engages in international terrorism. Accordingly, the court concludes that the evidence is insufficient to sustain section 1001(a)'s terrorism enhancement as to counts thirty-two through thirty-four. Accordingly, DeBruhl's motion is GRANTED with respect to counts thirty-two through thirty-four.

Finally, the court denies DeBruhl's motion as to the remaining counts. Therefore, only the terrorism enhancement language charged in counts twenty-one, twenty-two, twenty-three, thirty-

5

two, thirty-three, and thirty-four will not be submitted to the jury.

## CONCLUSION

For the reasons stated above, DeBruhl's oral motion for acquittal as to all counts, including all counts that "involved international terrorism" (*see* Dkt. 479), is GRANTED IN PART and DENIED IN PART.

Signed at Houston, Texas on June 9, 2022.

_____
Gray H. Miller
Senior United States District Judge